Judge Owsley
delivered the opinion of the court.*
This was an action of detinue, brought by the Bells in the circuit court to recover from Eastin the possession of a family of slaves.
On the trial in that court a verdict was found for the Bells; and after the motion of Eastin, for a new trial, was overruled, judgment was rendered against him in conformity to the verdict.
- From that judgment Eastin has appealed; and the only question material to be now noticed, involves an enquiry into the refusal to grant a new trial.
Charles Christian, the grandfather of the Bells, is admitted to have been the rightful owner of the slave Fanny, one of those in contest, and the mother of the others; and the Bells attempt to derive title to the slaves, 1st, As heirs at law to their deceased father, David Bell; and second, Through a gift alledged to have been made to them by their grandfather, Christian.
That they have not shewn a right to succeed under the claim asserted as heirs to their deceased father, we apprehend there is little room to doubt; for if the proof could be con? strued to establish a right in their father, as heirs, they cannot, without the assent of the administrator, maintain an action at law to recover the slaves; and in the present case there is no evidence conducing to shew that such an assent was ever given.
And that they have failed to shew a right to recover, under the alledged gift by their grandfather, Christian, we are squally Well satisfied.
The evidence, it is true, may be fairly said to conduct to prove a gift by Christian to them of the remainder in the *618 slaves after their arrival at full age, but as that gift washy parol, and a loan during their minority is also proven to have been made, at the same time, to their mother, with whom the possession of the slaves is also shewn to have continued for more than five years, the right to the slaves must, according to the obvious import of the statute against frauds and perjuries, as respects the creditors and purchasers of the person possessed, be with the possession.
As in the present case, therefore, Eastin is moreover proven to be a purchaser of the slaves from Johnston, who intermarried with the mother of the Bells, they cannot, from a fair exposition of the evidence adduced, be considered as having manifested a right to recover the slaves, and consequently the court should have awarded a new trial.
The former opinion Of this court, affirming the judgment of the court below, must, therefore, be set aside, and the judgment of that court reversed with cost, and the cause, remanded for further proceedings not inconsistent with the principles of this opinion.

Abseut, Judge Kowas.